WALSH v. WALSH.

WILLS—CONSTRUCTION—LIFE ESTATES—INTENT.
    In suit to construe will, decree of court below that gift to son
    was absolute, is reversed, on appeal, and disputed clause is
    construed to give to son life estate, to become estate of inherit-
    ance if, at his death, he leave issue or adopted child, otherwise
    to vest in designated remaindermen; intent of will to said
    effect being plain but expressed in awkward language.

Appeal from Bay; Houghton (Samuel G.), J. Sub-
mitted October 22, 1929. (Docket No. 25, Calendar
No. 34,523.) Decided December 3, 1929.

Bill by Frederick L. Walsh against James L.
Walsh to construe a will. From a decree for plain-
tiff, defendant appeals. Reversed.

*Lewis J. Weadock* (*Smith & Weadock*, of counsel),
for plaintiff.

*A. H. McMillan,* for defendant.

WIEST, J. Defendant appealed from a decree con-
struing the will of Sarah A. Walsh, his mother, to
vest in plaintiff, his brother, one-half of the residue
of the estate. Plaintiff and defendant are of middle
age. In 1916, their mother made her will, in which,
after specific bequests, she devised one-half of the
residue of her estate to her son James Lawson
Walsh, and the other one-half as follows:

"Seventh. I give, devise and bequeath the re-
maining one-half of the rest, residue and remainder
of the estate of which I shall die seized and pos-
sessed of every name, kind and description, and

wherever situated unto my son Frederick Landon Walsh, in case he shall die leaving issue or an adopted child or children. In the event, however, that my said son, Frederick Landon Walsh, shall die without issue or an adopted child or children him surviving, then it is my wish and will that he shall have the use and the income and proceeds from this legacy during the term of his natural life, and at his death, I give, devise and bequeath from such estate the sum of two thousand dollars ($2,000.00) to his wife, Maude L. Walsh, to her and her heirs forever; and the remainder of such estate I give, devise and bequeath to my son, James Lawson Walsh, to him and his heirs forever.''

The language of the quoted provision is awkward but the intention is manifest. The provision gave Frederick a life estate, to become an estate of inheritance if, at his death, he left issue or an adopted child, otherwise to vest in designated remaindermen. The will did not vest the estate in Frederick, subject to divestiture by condition subsequent, but made vesting in him contingent upon a specified precedent condition. The intent expressed in the will is plain; the purpose violates no law, and our construction gives effect to all the language employed.

The decree in the circuit is reversed, and a decree will be entered in this court in accordance with this opinion. Defendant will recover costs.

NORTH, C. J., and FEAD, BUTZEL, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.